IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COLIN CHRISTOPHER BOATIN,** | : | CIVIL ACTION NO. 1:14-CV-1007 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **COMMONWEALTH COURT OF PENNSYLVANIA**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 25th day of March, 2015, upon consideration of the report (Doc. 7) of Magistrate Judge Karoline Mehalchick, recommending the court dismiss *pro se* plaintiff's complaint (Doc. 1) as legally and factually frivolous, see 28 U.S.C. § 1915(e)(2)(B)(i) (providing that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious"), and following an independent review of the record, it appearing that plaintiff did not

object to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that the failure to timely object "may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 7) of Judge Mehalchick is ADOPTED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in according with this Third Circuit directive.